**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

**SARA L. HUNTER,**
**Plaintiff,**

**Case No.: ______________**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
**Defendant.**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Sara L. Hunter (hereinafter "**Plaintiff**" or "**Ms. Hunter**"), by and through her attorneys, and for her Complaint against Defendant The Lincoln National Life Insurance Company (hereinafter **"Defendant"** or **"Lincoln"**), states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of a Group Disability Income Policy and corresponding ERISA Plan (hereinafter the "**Policy**" and the "**Plan,**" respectively); said Policy (**#GF3-890-419734-01)** having been issued to Sponsor USAA Employee Benefit (hereinafter "**USAA"**); and which which was (and is) underwritten, administered (at least in part), and/or managed by Lincoln for the benefit of certain employees of USAA or one of its Associated Companies. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No.: 14806649**.

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Hunter lives in Rogersville, TN.

5. At all times relevant hereto, Ms. Hunter was an "employee" of USAA or one of its Associated Companies, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6).

6. At all times relevant hereto, USAA was Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant Lincoln was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8. At all times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder USAA.

9. Under the Plan/Policy, USAA delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment by USAA or one of its Associated Companies, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of long-term disability ("LTD") benefits if Plaintiff became disabled and unable to work because of injury, sickness and/or other covered medical condition as set forth under the Plan/Policy.

12. With respect to LTD benefits, the Policy defines, "**Disability**" or "**Disabled**" as follows:

> "Disability" or "Disabled" means:
>
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
> i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation....

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Ms. Hunter is currently 58 years old, and her date of birth is in January, 1968.

15. Ms. Hunter worked for USAA as an insurance professional/agent -- sales and service.

16. Owing to her established medical disability, Ms. Hunter's last day of full-time work was on or about 05/01/2023 (at which time she suffered a stroke); she last worked in any fashion on or about 9/21/2023.

17. The medical conditions/deficits forming the basis for Plaintiff's disability claim include, without limitation:

- Ischemic stroke on 5/1/2023 (MRI documented acute cerebral infarction)
- Resulting cognitive (neurocognitive) impairment, including deficits in short term memory, episodic memory, verbal reasoning, processing and retaining information, problem-solving, comprehension
- Difficulty with social interactions, easily overwhelmed, prone to inappropriate verbal communications
- Left-sided weakness
- Balance issues, risk of falling
- Unable to stand for more than 10 minutes
- Unable to lift more than 5 pounds
- Possible second stroke in November, 2023
- Cardiovascular disease (coronary artery disease)
- September, 2023 (9/24/2023 to 9/26/2023) hospitalization for chest pain, then underwent percutaneous coronary intervention (PCI), with stenting (2 stents)
- Type 2 diabetes with complications including retinopathy and nephropathy; insulin pump placement (1/9/2024)
- Anxiety
- Hypertension
- Hyperlipidemia

18. After the unfortunate stroke on or about 05/01/2023, and based on her employment by USAA or one of its Associated Companies, Ms. Hunter was eligible for, applied for, and received certain short-term disability ("STD") benefits; upon information and belief, STD benefits (or at least partial STD benefits) were received during the time frame May, 2023 through October, 2023.

19. Her medical condition not having improved, Ms. Hunter was eligible for, applied for, and received certain LTD benefits under the Policy. She received LTD benefits covering the period of time from 11/1/2023 to 6/9/2025; however, by letter dated 6/9/2025, Lincoln denied further benefits.

20. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny any further LTD benefits. The final denial letter was dated 1/22/2026.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering LTD benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits for LTD are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

24. Also, upon information and belief, Ms. Hunter has recently (in late March or early April, 2026) been found at hearing to qualify for Social Security disability (SSDI) benefits by the Social Security Administration. This independent, freestanding determination by the federal government may provide additional, persuasive evidence of disability in this case.[1]

[1] Since the final denial letter from Lincoln was dated 1/22/2026, evidence of any SSDI award is not currently part of the record below (Administrative Record). However, Plaintiff reserves the right to move the Court to supplement the record here; or, alternatively (at the very least) such information could be made part of the record if this case were remanded to Lincoln by the Court for further administrative review.

25. The Policy does not contain explicit or sufficient language reserving discretion in favor of Lincoln to interpret plan terms or determine eligibility for benefits; thus, the Court should employ a *de novo* standard of review to adjudicate this matter. Even assuming that the Policy had discretionary language, Texas law[2] suggests that the Court should nonetheless employ a *de novo* standard. *See*, Tex. Ins. Code § 1701.062 (2011); 28 Tex. Admin. Code §§ 3.1201 to 3.1203 (2010) (prohibiting discretionary clauses).[3]

26. Regardless of the ERISA standard of review that may be applied, the position taken by Lincoln in denying this claim, viewed against the entire record (Administrative Record) as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, Lincoln's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for, or given, a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same. Such LTD benefits (past and future) should be awarded even at the point that the Policy definition of Disabled/Disability changed to an Any Occupation definition (due to have occurred on or about 11/1/2025).

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a

[2] The Governing Jurisdiction listed in the Policy is Texas.

[3] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

loss of monies, if not other/additional damages; thus, she alleges the cause(s) of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits; and/or clarification/declaration/enforcement of rights and benefits; brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[4] each together with interest; and all as recoverable pursuant to the contractual

[4] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

terms of the Plan/Policy at issue, under ERISA law, and subject to the proof; such LTD benefits to be awarded even at the point that the Policy definition of Disabled/Disability changed to an Any Occupation definition (due to have occurred on or about 11/1/2025).

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and to policy notice/claim/application procedures, as required, as well ERISA law; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; such LTD benefits to be awarded notwithstanding the fact that the Policy definition of Disabled/Disability changed to an Any Occupation definition on or about 11/1/2025.

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA; *see*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs, and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above; consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and

as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[5] and post-judgment interest[6] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in any discovery conducted herein; and/or based on any relevant evidence from Plaintiff's companion claim for SSDI benefits (*see*, para. 24 above); and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

---

[5] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[6] *See*, 28 U.S.C. § 1961.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Samuel D. Payne*
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Richard A. House, BPR No 20135
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
richard@codyallison.com